UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 23-cr-10160-AK

UNITED STATES OF AMERICA

v.

ABHIJIT DAS

**<u>FINAL STATUS REPORT AND</u>**
**<u>ORDER OF EXCLUDABLE DELAY</u>**

**Date: April 25, 2025**

KELLEY, U.S.M.J.

The defendant had a final status conference scheduled for today, April 25, 2025. The parties filed status reports asking that the case go to the district court for a pretrial conference. (##75, 76.) It is expected that this case will go to trial. A superceding indictment was returned in this case only last month; the charges arise out of defendant's work as an attorney and the management of escrow funds. Defendant is not in custody. He was convicted in an unrelated case concerning campaign finance fraud in October 2023 before District Court Judge Stearns and is waiting to begin serving his 21-month sentence in that case until this case is resolved.

Discovery is not complete but the parties are working to resolve any issues. There is an issue concerning the discovery of privileged materials which defense counsel explains in his supplemental final status report may take approximately one month to resolve (#76). A trial, if held, would last approximately six days. Defendant will not raise defenses of insanity, alibi, or public authority. There are no expert witnesses and no dispositive motions to be filed.

With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 5(b)(7)(b) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the

Court and Procedures for Implementing Them, Effective December 2008), that the interests of justice, i.e., allowing the parties time prior to the pretrial conference to prepare the case, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment. Accordingly, it is hereby ordered that, the Clerk of this Court enter excludable time for the period of April 25, 2025, to the date the parties appear before the district court.[1]

    / s / M. Page Kelley
M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth here within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).