

**U.S. Department of Justice**

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 31, 2026

Aaron L. Weisman
Pannone Lopes Devereaux & O'Gara LLC
Northwoods Office Park Suite 215 N
1301 Atwood Avenue
Johnston, RI 02919

> Re:    United States v. Abhijit Das
>        Criminal No. 23-10160-AK

Dear Counsel:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Abhijit Das ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1.    <u>Change of Plea</u>

Defendant will plead guilty to the following counts of the Superseding Indictment: counts 1-3, 5, and 7 charging wire fraud, in violation of 18 U.S.C. § 1343; count 8 charging unlawful monetary transaction, in violation of 18 U.S.C. § 1957; and count 9, charging money laundering, in violation of 18 U.S.C. § 1956. Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one. At sentencing, the U.S. Attorney agrees to dismiss counts 4 and 6 of the Superseding Indictment.

2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

> a.    <u>Wire Fraud (18 U.S.C. § 1343)</u>: incarceration for 20 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Indictment.

1

b. <u>Unlawful Monetary Transaction (18 U.S.C. § 1957)</u>: imprisonment for 10 years; supervised release for 3 years; a fine of $250,000 or twice the amount of criminally derived property involved in the transaction, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Indictment.

c. <u>Money Laundering (18 U.S.C. § 1956)</u>: incarceration for 20 years; supervised release for 3 years; a fine of $500,000 or twice the amount of the property involved in the transaction, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Indictment.

d. <u>Penalty for Offense Committed While on Release (18 U.S.C. § 3147)</u>: incarceration for 10 years, which shall be consecutive to any other sentence of imprisonment imposed for the above offenses.

3.      <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.      <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 31:

a.   Counts of Conviction

1)   <u>Counts 1-3, 5 and 7 (Wire Fraud)</u>: *Offense Level 29*

i.   Defendant's base offense level is 7, because the offense of conviction has a statutory maximum of 20 years (USSG § 2B1.1(a));

ii.   Defendant's offense level is increased by 18, because the amount of loss involved in the offense is more than $3.5 million, but less than $9.5 million (USSG § 2B1.1(b)(1)(J));

2

iii.   Defendant's offense level is increased by 2, because the offenses involved sophisticated means and Defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(C));

iv.   Defendant's offense level is increased by 2, because Defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense (USSG § 3B1.3)

2)  <u>Counts 8-9 (Unlawful Monetary Transaction; Money Laundering):</u> *Offense Level 31*

i.   Defendant's base offense level is 29, the offense level for the underlying offense from which the laundered funds were derived, because Defendant committed the underlying offense (USSG 2S1.1(a)(1));

ii.   Defendant's offense level is increased by 2, because Defendant was convicted in Count 9 of 18 U.S.C. § 1956 (USSG § 2S1.1(b)(2)(B)); and

b.   Grouping

1)   Pursuant to USSG § 3D1.2(b), Counts 1-3, 5 and 7 form a single group because the counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan (Group One). Pursuant to USSG § 2S1.1 App. Note 6, Counts 8 and 9 are also grouped with Group One.

2)   The Adjusted Offense Level is 31.

c.   Offense Committed While on Release

1)  Defendant's offense level is increased by 3, because Defendant committed the above offenses while on pre-trial release in case number 21-cr-10200-RGS in violation of 18 U.S.C. § 3147 (USSG § 3C1.3).

2)   The Adjusted Offense Level is 34.

d.   Acceptance of Responsibility

1)  Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

2)   The Total Adjusted Offense Level is 31.

3

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    Agreed Disposition

The parties agree on the following sentence:

a)  incarceration for a total[1] of between 96 months (8 years) and 60 months (5 years) that shall run concurrent (and not consecutive) to the sentence imposed in criminal case number 20-cr-10200-RGS;

b)  a fine of $10,000;

c)  36 months of supervised release;

d)  a mandatory special assessment of $700, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e)  restitution of $4,927,382; and

f)  forfeiture as set forth in Paragraph 8.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6.    Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made

---

[1]Under 18 U.S.C. § 3147, a sentence of imprisonment for the commission of an offense(s) while on pre-trial release must be imposed in addition and consecutive to the underlying offense(s). See USSG § 3C1.3, comment. (n.1). ("the court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement").

certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.      <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts 4 and 6.

8.      <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may

include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a.   All funds and assets from following accounts (the "Accounts"), including:

        i.   approximately $1,960.56 seized from Bank of America, N.A. ("BOA"): Account number ********3754 in the name of MA IOLTA Trust Accounts Troca Global Advisors LLC; and

        ii.   approximately $1,084.13 seized from Fidelity Investments: Account number *** -**0225 in the name of Abhijit Das;

    b.   Defendant's interest in the maritime vessel known as the "Troca One," bearing IMO 1231948 and MMSI 367738470 (the "Vessel"), as to which Defendant admits he used at least $531,278.67 in proceeds from the instant offenses on expenses related to the Vessel;

    c.   The real property located at 19870 Meadowside Lane, Boca Raton, Florida, including all buildings, improvements, fixtures, attachments, and easements found therein or thereon, more particularly described in the Warranty Deed recorded on February 8, 2022, in the Public Records of Palm Beach County, Florida in Book 33290, Pages 0941-0942 (the "Real Property"); and

    d.   an Order of Forfeiture (Money Judgment) in the amount of $4,927,382.

Defendant admits that the assets listed above, the Accounts, Vessel, and Real Property, are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense, and/or were involved in Defendant's offense.

Defendant also admits that $4,927,382 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from the offense and/or the amount of money involved in Defendant's offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents the amount of proceeds that the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the

United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets. The United States agrees to credit the net proceeds, after entry of final order of forfeiture, from the Accounts, Vessel, and Real Property to the forfeiture money judgment.

In lieu of forfeiture of the Vessel, the United States will accept a cash payment of $531,278.67 at or before the date of sentencing.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

10.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

11.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

8

12.    <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties or through proceedings in open court.

*    *    *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Neil Gallagher.

Sincerely,

LEAH B. FOLEY
United States Attorney

By:    /s/ *Dustin Chao*
————————————————————
Dustin Chao
Chief, Public Corruption Unit

/s/ *Neil Gallagher*
————————————————————
Neil J. Gallagher, Jr.
Alexandra Amrhein
Assistant U.S. Attorneys

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Abhijit Das
Defendant

Date: _____4 - 1 - 2026_____

I certify that my client, Abhijit Das has read this Agreement and that we have discussed what it means. I believe my client understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Aaron L. Weisman
Attorney for Defendant

Date: _____4/2/26_____

10