UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-cr-10160-AK-1 |
| | : | |
| ABHIJIT DAS, a/k/a "Beej Das," | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO CONTINUE SENTENCING PENDING RESOLUTION OF DIRECT APPEAL**

Defendant respectfully moves for this Honorable Court to continue the presently scheduled sentencing until the United States Court of Appeals for the First Circuit resolves his pending direct appeal in *United States v. Das*, No. 24-1691 (1st Cir.) ("Prior Case").

The Presentence Investigation Report applies a three-level increase pursuant to U.S.S.G. § 3C1.3 because Defendant committed the offenses in this case while on pretrial release in the prior federal prosecution. That Guideline applies where the statutory sentencing enhancement under 18 U.S.C. § 3147 applies.

While Defendant recognizes that Section 3147 is directed to the commission of an offense *while a defendant is on release*, and § 3C1.3 correspondingly increases the offense level where the § 3147 enhancement applies, the Court need not determine at this juncture the precise legal consequences that would follow if the conviction in the Prior Case is reversed, vacated, or otherwise materially altered on direct appeal. Those consequences may depend upon the nature and grounds of the First Circuit's disposition. The existence of that unresolved question, however, is itself good cause to await the appellate decision rather than impose sentence against a legal and factual backdrop that may shortly change.

Nevertheless, Defendant respectfully submits that sentencing should be continued until the First Circuit resolves the direct appeal. The conviction in the Prior Case remains under direct appellate review, and the appeal was fully briefed and argued before the First Circuit on December 3, 2025. The disposition may materially affect the parties' sentencing positions, including the application or sentencing consequences of § 3147 and § 3C1.3, Defendant's criminal-history calculation under §§ 4A1.1 and 4A1.2, as well as the Court's analysis under 18 U.S.C. § 3553(a).

This Honorable Court, of course, need not presently determine whether, or under what circumstances, reversal or vacatur of the Prior Case would affect § 3147. Indeed, that is one reason a limited continuance is appropriate. Such a continuance is consistent with Federal Rule of Criminal Procedure 32 and First Circuit precedent. Although Rule 32(b)(1) directs that sentence be imposed "without unnecessary delay," Rule 32(b)(2) permits alteration of the Rule's time limits for "good cause." In *West v. United States*, 631 F.3d 563, 568-69 (1st Cir. 2011), the First Circuit identified the "probable utility of a continuance," the inconvenience to the court and parties, and the "likelihood of injustice or unfair prejudice" from denial among the relevant considerations, and recognized that an interest in expeditious sentencing does not outweigh the interest in a sentence based on an accurate criminal history. See also *United States v. Fink*, 499 F.3d 81, 89 (1st Cir. 2007); *Brackett v. United States*, 270 F.3d 60, 70 (1st Cir. 2001), abrogated on other grounds by *Johnson v. United States*, 544 U.S. 295 (2005). Indeed, in *Fink*, the First Circuit reversed the denial of a sentencing continuance where uncertainty concerning a prior conviction could materially affect the defendant's Guidelines treatment.

The Presentence Investigation Report confirms that the conviction under review in the pending appeal has a separate and direct effect on the Guidelines calculation wholly apart from § 3147 and § 3C1.3. The Prior Case is the sole source of Defendant's criminal-history points. PSR

¶¶ 111-112. The PSR assigns three points under U.S.S.G. § 4A1.1(a) based upon the 21-month sentence imposed in that case and, solely by reason of those three points, places Defendant in Criminal History Category II. PSR ¶ 112. At Total Offense Level 29, Category II produces an advisory range of 97 to 121 months. PSR ¶ 141. If the conviction is reversed or vacated on grounds that render that sentence noncountable, Defendant would have zero criminal-history points and would fall within Criminal History Category I, producing an advisory range of 87 to 108 months. See U.S.S.G. ch. 5, pt. A (Sentencing Table).

The Guidelines themselves make the timing problem concrete. Section 4A1.2(l) requires prior sentences under appeal to be counted. But Application Note 6 to § 4A1.2 directs that sentences resulting from convictions reversed or vacated because of errors of law or exonerating evidence are not counted. Thus, if the Court sentences now, the Guidelines require the Prior Case to be counted even though the First Circuit may shortly issue a decision that changes whether that sentence may be counted at all. The Court need not speculate about the outcome of the appeal to recognize that the present Guidelines range depends upon a judgment still under direct appellate review.

Moreover, if the appellate disposition leaves Defendant with zero criminal-history points, Defendant may qualify for the two-level decrease under § 4C1.1, subject to the provision's additional eligibility requirements. The existing PSR does not address that question because it presently assigns Defendant three criminal-history points. These are concrete Guidelines consequences that can be resolved simply by awaiting an appeal that is already fully submitted.

The requested continuance readily satisfies that standard. Defendant therefore does not seek an indefinite postponement based upon a speculative future proceeding. The direct appeal already exists, has been fully briefed and argued, and has been under submission since December

3, 2025, for nearly nine months. No further action by Defendant is required before the First Circuit decides the matter. The continuance therefore has a definite and narrowly defined purpose: permitting this Court to sentence with knowledge of the appellate disposition of a directly relevant federal prosecution.

In further support of this motion, Defendant states that the disposition of the Prior Case may materially affect the circumstances this Court appropriately considers in determining the sentence to be imposed under 18 U.S.C. § 3553(a). A prosecution culminating in an affirmed conviction presents a materially different sentencing context from one culminating in a conviction reversed, vacated, or otherwise materially altered on direct appeal. This Honorable Court should have the benefit of that determination before fixing the ultimate sentence.

The prejudice from proceeding now is substantially one-sided. The Government faces no trial delay, no risk that evidence will be lost, and no issue of witness availability; its prejudice, if any, is principally the modest delay associated with awaiting a decision in an appeal that is already fully submitted. By contrast, if sentencing proceeds and the Prior Case is thereafter reversed, vacated, or materially altered, Defendant will already have received a final sentence potentially influenced by the prior judgment, the § 3147/§ 3C1.3 issues, a criminal-history score and category that depend entirely on the Prior Case, and the Court's broader § 3553(a) assessment. Defendant would then be forced to seek relief from an already-entered sentence through further appellate or collateral proceedings, after the sentence may already have begun. That immediate, substantial, and potentially irreparable prejudice far outweighs the Government's minimal interest in sentencing before the First Circuit acts. Judicial economy, thus, favors awaiting the appellate disposition and getting the sentence right the first time.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court continue sentencing until the United States Court of Appeals for the First Circuit issues its decision in *United States v. Das*, No. 24-1691 (1st Cir.), and grant such other relief as the Court deems appropriate.

ABHIJIT DAS

By his Attorneys,

PANNONE DEVEREAUX & O'GARA LLC

*/s/ Aaron L.Weisman*______________

Aaron L. Weisman (#710090)
William P. Devereaux (#122220)
PANNONE DEVEREAUX & O'GARA LLC
Northwoods Office Park
1301 Atwood Avenue, Suite 215 N
Johnston, RI 02919
401-824-5100
401-824-5123 (fax)
wdevereaux@pdolawfirm.com
aweisman@pdolawfirm.com

## CERTIFICATION

I hereby certify that on this 28th of August 2026, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record. The document is available for viewing and downloading through the ECF system.

*/s/ Aaron L. Weisman*_________