UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 23-cr-10160-AK |
| ABHIJIT DAS, a.k.a. "Beej" Das | ) | |
| | ) | |
| Defendant. | ) | |

OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING

The United States respectfully opposes defendant ABHIJIT DAS's motion to continue sentencing now set for next week, on September 8, 2026, at 11:30 a.m. For the following reasons, sentencing should proceed on September 8th without any further delay:

First, "justice delayed is justice denied." After five years and two criminal indictments, this defendant has yet to face the real consequences of his actions. Despite the fact that the defendant has already been sentenced to 21 months of incarceration from his conviction for campaign finance violations (21-cr-10200-RGS), the defendant has fortuitously avoided assignment to the U.S. Bureau of Prisons because of the pendency of this case and has not faced any incarceration.

Second, in addition to avoiding incarceration, the two victims in this case and their company, law clients of the defendant's law practice, are out more than $5 million and are eagerly awaiting sentence and restitution. See 18 U.S.C. § 3771(a)(6) (victims have the "right to proceedings free from unreasonable delay"). The defendant's request for an uncertain and indefinite delay is "unnecessary and contrary to the interests of justice, especially given the public's and the victim's need for and right to finality." United States v. Gambino, 59 F.3d 353, 360 (2d Cir. 1995) ("the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied'").

Third, the defendant's reasons for delay are meritless. While a reversal of a conviction used to calculate criminal history would ordinarily matter, in this case, it does not. This is because the defendant's plea in this case was pursuant to a "C-plea," a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) which (if accepted by the court) requires a specific sentence of at least 5 years and up to 8 years of incarceration. Both under the plea agreement and the Pre-Sentence Investigation Report, the advisory sentencing guidelines are not in dispute. The only dispute at sentencing is the precise range, between 5 and 8 years. Despite his continued efforts, the defendant cannot avoid incarceration and should not any further.

Contrary to defendant's assertion that the result of the appeal would materially affect the parties positions - even if the First Circuit were to entirely vacate the defendant's campaign finance convictions (a highly unlikely result) - the reversal would have zero effect on the agreed upon sentencing range. Moreover, since it is also unlikely that the First Circuit would take more than 5 years to issue its decision, there would be more than sufficient time to litigate the effect of a reversal of any sentence beyond 5 years. The cases stand apart, and the defendant should not benefit from being one of those rare defendants who commits a serious federal offense, while on pre-trial release for another serious federal offense.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Neil Gallagher*
Neil J. Gallagher, Jr.
Assistant U.S. Attorney

Date Submitted: August 31, 2026

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Neil J. Gallagher, Jr.*
Neil J. Gallagher, Jr.