UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 OCT -2 A 10:56
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA :
:
v. : No. 23-cr-10160-AK-1
:
ABHIJIT DAS, a/k/a "Beej Das," :
Defendant. :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRO SE MOTION TO WITHDRAW UNACCEPTED GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(1**

Defendant Abhijit Das respectfully submits this memorandum in support of his pro se motion to withdraw the guilty plea entered on June 3, 2026, vacate the current sentencing date and sentencing-related deadlines, and restore this matter to the trial calendar.

The very narrow question presented by this Motion, one governed directly by Federal Rule of Criminal Procedure 11(d)(1) and the First Circuit's decision in *United States v. Dávila-Ruiz*, 790 F.3d 249 (1st Cir. 2015), is whether a defendant may withdraw a guilty plea where the District Court expressly deferred acceptance of that plea and has not subsequently accepted it. Rule 11 supplies the answer. Before a court accepts a guilty plea, the defendant may withdraw it "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). The First Circuit has characterized this rule as "clear as a bell" and has held that it leaves a district court "powerless to deny" a withdrawal request made before acceptance. *Dávila-Ruiz*, 790 F.3d at 252.

Respectfully, the record here is particularly clear. At the June 3, 2026, Rule 11 hearing, this Honorable Court did not merely remain silent as to whether it was accepting Mr. Das's plea, but, rather, expressly stated (at Page 11 of the Transcript) that it would *defer acceptance of the plea* until after reviewing the presentence report and sentencing memoranda. After Defendant

entered the guilty plea and the Court made its Rule 11 findings, the Court again stated expressly that it would "refrain from formally accepting" (Transcript at 30) the plea until that review occurred.

Because this Honorable Cort expressly withheld acceptance, Rule 11(d)(1), rather than Rule 11(d)(2)(B), governs, such that Defendant has no need to establish a "fair and just reason" for withdrawal. Rule 11(d) deliberately establishes different standards on opposite sides of the moment when a court accepts a guilty plea; prior to acceptance, a "defendant may withdraw a plea of guilty or nolo contendere . . .for any reason or no reason" (Fed. R. Crim. P. 11(d)(1)), while after acceptance but before sentencing, withdrawal generally requires the defendant to "show a fair and just reason for requesting the withdrawal" (Fed. R. Crim. P. 11(d)(2)(B)). In *United States v. Dávila-Ruiz*, 790 F.3d 249 (1st Cir. 2015), the Court held that Fed. R. Crim. P. 11(d)(1) "renders a district court powerless to deny a plea-withdrawal motion when the motion is made before the plea has been accepted" (*id.* at 252). Thus, under binding First Circuit precedent, the question is not whether Mr. Das has supplied a sufficiently compelling explanation for changing his plea but, rather, whether the Court accepted the plea.

## I. The Court Expressly Deferred Acceptance of the Plea

The June 3, 2026, Rule 11 transcript eliminates any need to infer whether this Honorable Court intended to accept Defendant's guilty plea. Before Defendant entered the plea, the Court expressly told him:

> I will notify you before I fully accept your guilty plea. In fact, if you choose to plead guilty today, I will defer my acceptance of your plea until after I've had an opportunity to review the presentence report prepared by the Probation Department. I will also wait to receive the sentencing memo that the parties will submit. (Transcript at Page 11.)

Defendant thereafter entered a plea of guilty. This Honorable Court made findings concerning competence, voluntariness, and factual basis. But the Honorable Court then expressly stated, "I will refrain from formally accepting until I have reviewed the sentencing materials as previously described (*id.* at 30). This Honorable Court, then, *took* the guilty plea and determined that the requirements for a valid plea had been satisfied, but expressly reserved the separate act of *accepting* that plea.

## II. Rule 11(d)(1), Not Rule 11(d)(2)(B), Applies

Rule 11(d) establishes two different standards depending on whether the guilty plea has been accepted. Before acceptance, Rule 11(d)(1) permits withdrawal "for any reason or no reason." After acceptance, Rule 11(d)(2)(B) requires a defendant to show a "fair and just reason." The distinction is dispositive. Under *Dávila-Ruiz*, the relevant question is not whether Defendant has a persuasive explanation for withdrawal. The relevant question is whether the Court accepted the plea. The record shows that the Court did not accept the plea. It expressly deferred acceptance. Accordingly, Rule 11(d)(1) applies, and Defendant may withdraw his plea as of right.

## III. This Case Is Distinguishable From Cases Where the Court Accepted the Plea but Deferred Only the Plea Agreement

Any argument that the Court accepted the guilty plea while deferring only the Rule 11(c)(1)(C) plea agreement is inconsistent with the transcript. The Court did not say merely that it was deferring acceptance of the Rule 11(c)(1)(C) agreement. The Court said, "I will notify you before I fully accept your guilty plea." The Court then said, "I will defer my acceptance of your plea." Those statements refer to acceptance of the guilty plea itself. Because the Court expressly deferred acceptance of the plea, Rule 11(d)(1) governs. *See, e.g., United States v. Tyerman*, 641 F.3d 936, 942–44 (8th Cir. 2011) (holding that where the district court expressly deferred acceptance of the guilty plea pending review of the presentence report, the plea remained

unaccepted and the defendant retained the right under Rule 11(d)(1) to withdraw it for any reason or no reason); *United States v. Feliz*, 2019 U.S. Dist. LEXIS 207814 (D.N.J. Dec. 3, 2019) (reviewing decisions in this area and recognizing that where a court had deferred acceptance of the guilty plea, the defendant retained the right under Rule 11(d)(1) to withdraw the plea for any reason or no reason).

## V. Relief Requested

For the foregoing reasons, Mr. Das respectfully requests that this Honorable Court grant his Motion pursuant to Fed. R. Crim. P. 11(d)(1), permit him to withdraw the guilty plea entered on June 3, 2026, vacate the sentencing date sentencing-related deadlines, and restore this matter to the trial calendar. Defendant files this motion pro se because prior counsel has moved to withdraw. Defendant has already selected experienced federal criminal defense counsel to provide an independent assessment of trial issues, the plea posture, and pretrial options and plans to formally retain counsel to enter an appearance for pretrial proceedings shortly.

Defendant is actively working to preserve and increase the liquidity of assets and investment interests that have been identified in prior proceedings and that may be subject to competing claims, forfeiture allegations, civil disputes, or Court-supervised disposition. The asset-preservation efforts include repair and listing of the Meadowside property in Boca Raton; a cash buyout of any claimed government interests related to Troca One; preservation of a litigation-finance interest in a federal case in which a motion for summary judgment has been filed; and pursuit of additional capital sources.

These facts are not necessary to satisfy Rule 11(d)(1). They simply show that Defendant is not seeking delay for delay's sake. Defendant is seeking to restore his trial posture, secure

replacement counsel, preserve disputed assets, and avoid unnecessary diminution of value while the case proceeds.

Respectfully submitted,

ABHIJIT DAS
Defendant, pro se,

*/s/ Abhijit Das*
Abhijit Das
450 SW 7th Ave
Fort Lauderdale, FL 33312
617-231-6551
adas@trocaglobal.com

**CERTIFICATION**

I certify that on October 2, 2026, I caused a copy of this motion to be served by email on counsel of record for the United States and on prior counsel of record.

*/s/ Abhijit Das*